UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

CAROLYN ABLACK,

            Plaintiff,

v.                                          **DECISION AND ORDER**
                                                    05-CV-434S

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
───────────────────────────────

      1.      Pro se Plaintiff Carolyn Ablack commenced this lawsuit against Defendant Commissioner of Social Security (Jo Anne B. Barnhart) on June 15, 2005. Defendant subsequently moved to dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. After receiving several extensions of time to do so, Plaintiff filed a response in opposition to Defendant's motion.[1] This Court has reviewed and considered Defendant's motion, and for the reasons stated below, finds that it must be granted because this Court lacks subject matter jurisdiction.[2]

      2.      According to Plaintiff's official social security records, she filed an application for Supplemental Security Income that was denied on April 29, 2004. (Riley Decl., ¶ 3(a).) Thereafter, on October 27, 2004, Plaintiff completed a statement and filed a request for a hearing. (Riley Decl., ¶¶ 3(b) and (c).) The social security claims representative who interviewed Plaintiff completed a report of contact on that same date. (Riley Decl., ¶ 3(b)

---

[1] Plaintiff did not address the jurisdictional issue in this submission.

[2] In support of its Motion to Dismiss, Defendant filed the Declaration of Michael J. Riley and a memorandum of law. Plaintiff filed a 2-page response in opposition to Defendant's motion. This Court took Defendant's motion under advisement without oral argument.

1

and Exhibit 4.)

3. On March 28, 2005, the Administrative Law Judge ("ALJ") dismissed Plaintiff's request for a hearing as untimely. (Riley Decl., ¶ 3(b) and Exhibit 5.) In his decision, the ALJ noted that the Social Security Administration sent Plaintiff notice of the denial of her application for benefits on April 29, 2004. (Riley Decl., Exhibit 5.) He further found that this notice advised Plaintiff that she had 60 days within which to request a hearing if she disagreed with the decision. (Riley Decl., Exhibit 5.) In assessing Plaintiff's claim that good cause existed to permit her to request a hearing outside of the 60-day time period, the ALJ rejected Plaintiff's arguments that she had never received the denial notice. (Riley Decl., Exhibit 5.) Instead, the ALJ found that based on (1) the absence of evidence in the record that Plaintiff did not receive the notice, (2) Plaintiff's 14 years of education, and (3) the fact that Plaintiff's alleged impairments were physical,[3] not mental, that Plaintiff had failed to establish good cause for not filing a timely hearing request. (Riley Decl., Exhibit 5.) The ALJ therefore dismissed Plaintiff's request for a hearing. (Riley Decl., Exhibit 5.)

4. On April 18 and April 26, 2005, Plaintiff filed duplicate requests for review of the ALJ's dismissal of her request for a hearing. (Riley Decl., ¶ 3(f).) The Appeals Council denied Plaintiff's request for review on June 1, 2005. (Riley Decl., ¶ 3(g).) This litigation followed.

5. Defendant seeks dismissal of Plaintiff's Complaint on jurisdictional grounds. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

---

[3]Plaintiff alleged impairments including a back disorder, along with muscle, ligament and fascia disorders. (Riley Decl., Exhibit 5.)

when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). It is the plaintiff's burden to establish proper jurisdiction by a preponderance of evidence. Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

6. In considering a Rule 12(b)(1) motion, the allegations contained in the Complaint are deemed true, and the court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question. See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). This Court has reviewed and considered the Declaration of Michael J. Riley, who is the Acting Chief of Court Case Preparation and Review from Branch IV of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration. See Flores v. S. Peru Copper Corp., 343 F.3d 140, 161 n.30 (2d Cir. 2003) ("on a challenge to the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings") (quoting Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998)). Plaintiff has not submitted any evidence in support of her jurisdictional claim.

7. Under the Social Security Act, federal district courts have jurisdiction to review benefit determinations. Section 205(g) of the Act provides, in pertinent part, that:

> Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does

3

>   not reside or have his principal place of business within any
>   such judicial district, in the United States District Court for the
>   District of Columbia.

42 U.S.C. § 405(g) (emphasis added).

8.  However, "[a] district court's subject matter jurisdiction over the denial of Social Security disability benefits is limited." Smith v. Barnhart, 293 F.Supp.2d 252, 254 (E.D.N.Y. 2003). Section 205 (h) of the Act provides that the Commissioner's decisions are binding and non-reviewable, except as provided in § 205 (g). 42 U.S.C. § 405(h).

9.  It is well-settled that "judicial review of Social Security benefits determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." Matthews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) (collecting cases); see also Stoothoff v. Apfel, No. 98-CIV-5724, 1999 WL 493356, at *2 (S.D.N.Y. July 12, 1999) ("[J]udicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing.").

10. Plaintiff's application for benefits was denied on April 29, 2004. She did not, however, request a hearing related to this denial until 181 days later, on October 27, 2004. The ALJ reviewed Plaintiff's request for a hearing and determined that it was untimely because it was filed outside of the 60-day time period. The ALJ also determined that Plaintiff had not demonstrated good cause for the late filing of her hearing request. The Appeals Council denied Plaintiff's request for review of this determination.

11. Given these undisputed facts, this Court finds that it lacks subject matter jurisdiction. Neither the decision to deny Plaintiff's application for benefits, nor the decision to deny her request for a hearing were made after a hearing. Moreover, an ALJ's

determination that an applicant has not demonstrated good cause for failing to file a timely request for a hearing is not a final decision within the meaning of § 405(g), and therefore is not reviewable by the federal courts.  See Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983) (noting that the decision to dismiss an untimely request for a hearing and the refusal to extend the filing time in the absence of good cause are not subject to judicial review because they are not final decisions within the meaning of § 405(g)); see also Vaswani v. Barnhart, No. 05 Civ. 8539, 2006 WL 2347825, at *3 (S.D.N.Y. Aug. 15, 2006) (finding that the determination that an applicant has not demonstrated good cause for the untimely filing of a request for a hearing is not a final decision, and therefore cannot be appealed to the district court) (citing Dietsch).  Accordingly, this Court lacks subject matter jurisdiction because the requirements of § 405(g) are not satisfied.   Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) will therefore be granted.

     IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED.

     FURTHER, that the Clerk of the Court is directed to close this case.

     SO ORDERED.

Dated:    November 8, 2006
            Buffalo, New York

                                             /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                         United States District Judge